AVA LIGHTCAP ET AL., APPELLANTS, v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Argued March 26, 1917—Decided June 18, 1917.

The defendant owning a tract of land, upon which was located a freight shed, filled in the land so as to change its topography, and the direction of the flow of surface water therefrom. Snow having accumulated on the retaining wall of the embankment erected the water flowed therefrom over the adjacent sidewalk and froze thereon. The plaintiff while walking on the sidewalk slipped, fell and was injured. In an action to recover for the injuries, the trial court charged the jury that unless there was affirmative proof in the case, from which they could infer, that the ice upon the sidewalk was caused by melting snow, which had been transported from another locality, to the defendant's premises, there could be no recovery; and also that the mere presence of piles of snow upon defendant's wall presented no proof that the snow had been carried thereto from another place by the defendant or its agents—*Held*, that the instructions of the court in these particulars were correct.

On appeal from the Warren County Circuit Court.

For the appellants, *William C. Gebhardt.*

For the respondent, *Smith & Brady.*

The opinion of the court was delivered by

MINTURN, J. While walking along Mercer street, in the town of Phillipsburg, the appellant fell and injured her knee-cap. She attributed the accident to the dangerous condition of the walk, owing to the accumulation of ice thereon, caused, as she alleges, by the wrongful act of the defendant in causing to be brought an accumulation of snow upon its lands adjoining the walk, which snow in the process of melting flowed upon the sidewalk, thereby creating a public nuisance and causing the injury in question.

The facts elicited from the testimony show that the defendant was owner of a tract of land which was used by it for a freight station. That it filled in the tract to such an extent as to work a change in the topography of the land, and to cause the surface water to run in a southerly instead of, as formerly, in an easterly course.

The municipality caused a street to be opened along the easterly line of the defendant's property, thereby requiring the excavation of the earth along defendant's line, which in turn necessitated upon defendant's part the erection of a stone retaining wall along the line of the sidewalk. The snow which accumulated upon the property was precipitated over the wall in the form of water, and running upon the adjoining sidewalk became frozen, thereby producing the condition which caused the accident.

The liability of the defendant was predicated upon the theory of alleged fact, that it had caused quantities of snow to be carried upon or near its wall, which, having melted, produced the condition complained of.

It will be observed that the plaintiff sought to charge the defendant with liability upon the principle enunciated in the English Exchequer in the case of *Fletcher* v. *Rylands, L. R. 1 Ex.* 265; 3 *H. L.* 330, to the effect that one who for his own purposes brings on his lands and keeps and collects there anything likely to do mischief if it escape, must keep it at his peril, and if he fail so to do is *prima facie* answerable for all damage which is the natural consequence of his act. While

this doctrine has not been repudiated as a legal principle, it has been placed in the category of *vexatio questio,* both in this country and in England, by the criticisms of the courts and the text writers, as a principle of law fundamentally unquestionable but containing a statement too generic in form for practical application as a test of legal liability, and consequently it has been definitely qualified, distinguished and limited by the adjudged cases until the original statement has become quite attenuated. *Nichols-*v. *Marsland,* 2 *Ex. D.* 1; *L. R.* 10 *Ex.* 255; 1 *Ex. R. C.* 272; *Losee* v. *Buchanan,* 51 *N. Y.* 476; *Gorham* v. *Gross,* 125 *Mass.* 232; *Wilson* v. *New Bedford,* 108 *Id.* 261; *Cahill* v. *Eastman,* 18 *Minn.* 324; *Cooley Torts* 573; 14 *Am. L. Rev.* 1.

In this state Chief Justice Beasley in *Marshall* v. *Wellwood,* 38 *N. J. L.* 339, criticises it on the ground that it is a rule "mainly applicable to a class of cases which I think should be regarded as in a great degree exceptional."

In the case in which it was applied in the Exchequer, the trend of opinion is that its application to the situation was proper and justifiable, but the consensus of opinion in later cases supports the criticism of Chief Justice Beasley that the doctrine enunciated "is amplified and extended into a general, if not universal principle," and following the New York case of *Losee* v. *Buchanan, supra,* he held, speaking for our Supreme Court, in a case involving damages caused by the explosion of a boiler, that in principle the doctrine was inapplicable.

. But if we assume that the doctrine might be applicable to the circumstances of the case at bar, from the plaintiff's conception of it, we are met by the controlling fact that in no aspect of the testimony can it be affirmed that the defendant brought upon its land the cause of the damage, so as to enable the plaintiff to invoke the rule referred to, and the doctrine therefore can have no application here.

The conclusion that the defendant transported the snow from another place to its premises because the snow was heaped upon the wall, at a period of the year when snow was

universal in the neighborhood, is manifestly a *non sequitur,* and rests entirely upon the obvious fallacy that because the snow was there, the defendant and not *vis major* or other extraneous cause brought it there, for which act under the many qualifying cases following *Fletcher* v. *Rylands, supra,* legal responsibility could not be imposed upon a landowner entirely quiescent and guilty of no active tort-feasance.

An interesting and well considered resume of the doctrine herein discussed, particularly with reference to the liability which emanates from the application of the maxim *sic utere tuo ut alienum non lædas,* and its many qualifications in practical use to a situation like the present, will be found in the May number of the Columbia Law Review, page 388. *Nichols* v. *Marsland, 2 Ex. D.* 1; *Penn Coal Co.* v. *Sanderson,* 113 *Pa. St.* 126; *Marshall* v. *Wellwood, supra.*

In this aspect of the case, however, assuming the rule to be applicable to the plaintiff, she manifestly is in no situation to complain, since the trial court allowed the case to go to the jury upon a charge which expressly left it to them to find as the test of liability whether or not the defendant had transported the snow to its premises, and they found to the contrary.

In contradistinction, however, to the doctrine of liability thus applied, the non-liability of the defendant for damages resulting from the mere presence of the snow upon its premises, in the absence of proof of active tort-feasance in bringing it there, has been settled beyond controversy by the pronouncements of the courts of this state.

This court in *Jessup* v. *Bamford Brothers Co.,* 66 *N. J. L.* 641, in an opinion by the present Chief Justice, approving the doctrine enunciated by the Massachusetts Supreme Court in *Gannon* v. *Hargadon,* 10 *Allen* 106, declared that "the right of an owner of land to occupy and improve it in such manner, and for such purposes, as he may see fit, either by changing the surface or by the erection of buildings or other structures thereon, is not restricted or modified by the fact that his own land is so situated, with reference to that of adjacent owners,

that an alteration in the mode of its improvement or occupation in any portion of it will cause water, which may accumulate thereon by rains and snows falling on its surface, or flowing on to it from the surface of adjacent lots, either to stand in unusual quantities on other adjacent lots or to pass into or over the same in greater quantities, or in other directions than they were accustomed to flow." And the general doctrine was enunciated that "the obstruction of surface water, or an alteration in the flow of it, affords no cause of action in behalf of a person who may suffer loss or detriment therefrom against one who does no act inconsistent with the due exercise of dominion over his own soil." To the same effect are *Bowlsby* v. *Speer,* 31 *N. J. L.* 351; *Lightcap* v. *Lehigh Valley Railroad,* 87 *Id.* 64; *Sullivan* v. *Browning,* 67 *N. J. Eq.* 391.

The trial court consistently with this conception of the law instructed the jury that unless they could find from the testimony that the defendant carried the snow from another place to the premises in question, thereby causing the condition which superinduced the accident, there could be no recovery.

The jury having found for the defendant, the plaintiff argues that the trial court was in error because it declined to charge that the defendant by filling in the land changed the topography of the premises, and incidentally the adjoining lands, so as to cause a change in direction of the previously existing water-course, thereby causing the conditions complained of. As has been stated there was no proof that the defendant or its agent had transported the snow, or that they had in any manner transposed its condition or its original *situs* further than the fact that it existed in piles upon the wall, which incident, as we have intimated, was neither convincing nor evidential to show its transference from elsewhere to the premises in question, and, as we have observed, the mere fact that the defendant exercised over his land an indubitable right of ownership in changing the grade or slope to suit the defendant's convenience or necessities in the use thereof, presents no ground of liability for an incidental injury to another, but is clearly *damnum absque injuria.*

"Affirmative" evidence, the trial court declared, must be found in the case from which an inference could be rationally drawn that the snow on the wall was an accumulation transported to the premises from another locality, and to this direction exception is taken. When it is recalled that the gravamen of the action was the active interference by the defendant with the normal situation, by the transportation to its premises of an element in which inhered the possibilities of danger and damage, in the absence of the exercise of due care in its management and control, it is not perceived in what aspect of the situation the use of the adjective in question can be characterized as either inappropriate or misleading, or as conveying any definitive meaning, unless it be considered as conveying a correct indication of the *quantum* and quality of the proof necessary to entitle the plaintiff to recover under the testimony and the rules of law to which we have adverted.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.